## SHANK vs. CROSS.

The plea of *liberum tenementum* to a declaration in *trespass* for cutting down and destroying *trees growing and being upon certain lands* situate in a certain *town*, is not supported by proof that the *defendant* is the owner and possessor of a lot of land in the same town, different from that on which the trespass was committed; to entitle the defendant to a verdict in such case he must shew title to the land where the trespass was committed.

The defendant may in such action plead a special *liberum tenementum*, setting forth specifically the place in which he justifies, when if the plaintiff takes issue, and does not new assign, he assumes upon himself to shew a cause of action at the *place* set up in the plea.

THIS action was tried at the Schoharie circuit in July, 1830, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The declaration contained two counts: in the first the plaintiff complained for that the defendant on, &c. at the town of Cobleskill, in the county of Schoharie, with force and arms, &c. felled, cut down, prostrated, and destroyed the trees, to wit, 200 oaks, &c. of the plaintiff, of great value, to wit, &c. then growing and being in and upon certain lands there situate, and took and carried away the same, and converted and disposed thereof to his own use. In the second count the defendant was charged on, &c. at, &c. with seizing, taking and carrying away certain trees, to wit, 200 oaks, &c. of the plaintiff, of great value, to wit, &c. there then found and being, and with converting and disposing of the same to his own use, and other wrongs, &c. The defendant pleaded *non cul.* and that "the said close in the said declaration mentioned, and in which, &c. now is, and at the said time when, &c. was the close, soil and freehold of the defendant, to wit, at Cobleskill, in the county of Schoharie, aforesaid;" wherefore he committed the said several supposed trespasses, &c. as he lawfully might, &c. To which the plaintiff replied, that the close in the declaration mentioned, in which, &c. is and was the close, &c. of him, the plaintiff, and not the close, &c. of the defendant, concluding to the country. On the trial of the cause the plaintiff shewed himself in possession of land in the town of Cobleskill, known as lot No. 2, in *Kemble's* patent, under and

by virtue of a deed to him, executed in 1817, and proved that in 1828 and 1829 the defendant cut and carried away timber from off of that lot, and shewed the extent of the injury done, and rested. The defendant then introduced a deed to himself from De Witt Clinton, conveying lot No. 14, in *Franklin's* patent, situate in the town of Cobleskill, bearing date in 1827, and shewed that he had been in possession of the premises thereby conveyed ever since the date of his deed. The judge ruled that the evidence thus produced on the part of the defendant made out a justification under the pleading in the cause. Whereupon the plaintiff submitted to a nonsuit, which he now moved to set aside.

*J. S. Van Rensselaer*, for the plaintiff.

*M. T. Reynolds*, for the defendant.

*By the Court,* NELSON, J. If this was an action of trespas *quare clausum fregit,* the direction given to it at the circuit would have been proper upon principles of pleading and proof peculiar to that action, but the plaintiff has counted only for the injury of cutting and carrying away the trees upon his close, and not to his soil or freehold, and by the declaration seeks to recover only the value of the trees or timber. 2 *Wheat. Selw.* 1017. 2 *Chitty*, 388. There can be no doubt trespass or trover would lie for the acts set forth in either count of the declaration. It is true that trees standing are part of the inheritance, and severing them from it might be considered an injury to the freehold, for which trespass *quare clausum fregit* would be the appropriate remedy; but the party may waive that ground of recovery, and go for the value of the timber only, thus severed and carried away, as has been done in this case. In the one case, the entering and breaking the *close* is the gist of the action; in the other, the *taking* and *carrying* away the property. The action in this case is, therefore, transitory, and not local; and it appears to be well settled, that a simple plea of *liberum tenementum* is not applicable to a transitory trespass, but is peculiar and proper only in trespass *quare clausum*

*fregit.* *Carth.* 176. *Alstone* v. *Hutchinson,* 2 *Willes,* 222, *n.* 6. *Bacon's Abr. tit. Trespass,* 613. The case as stated in *Bacon,* was trespass for taking a tree out of a close; the defendant pleaded that the place in which the trespass was charged was his freehold, which was held bad, as such a defence can only be pleaded to an action *quare clausum fregit.*

The defendant may plead a special *liberum tenementum* to a transitory trespass, and thereby make it local; but in such case he must set forth specifically the place in which he justifies taking the property; and this may compel the plaintiff to new assign the trespass complained of, or take the hazard of proving a trespass, and meeting the defence at the place set up in the plea, if he takes issue upon it. 1 *Saund.* 300, *a, and cases there cited.* 2 *Chitty,* 550, *s.* *Bac. Abr. tit. Trespass,* 622. In this case the action is transitory, and it is not made local by the plea; the *place,* therefore, where the trespass was committed is wholly immaterial, and the plaintiff is at liberty to prove it where he pleases, and of course the justification must be made where the trespass is proved. *Bull. N. P.* 92.

The defendant, according to the pleadings in the case, being bound, in his justification, to follow the place mentioned in the declaration, 2 *Saund.* 5, *b,* giving to the plea its fullest effect, I can view it in no other light than as setting up a title to the close mentioned in the declaration, and as requiring to support it proof of title to the land where the trespass was committed, and does not come within the reason, or the rule applicable to such a defence in trespass *quare clausum fregit,* and upon which the plaintiff was nonsuited. That rule has justly been questioned by high authority, *Willes,* 222; 1 *Saund.* 299, *note c.,* as constituting a defence even in such an action, and ought not to be extended, much less adopted and applied to a transitory trespass.

The sufficiency of the plea is not now in question; that it would be bad on general demurrer there is no doubt, and whether it presents a material issue or not, it is not now necessary to inquire.

New trial granted.